UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| LI FAN, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>HOME DEPOT U.S.A., INC., a Delaware Corporation; and DOES 1-50, inclusive,<br><br>    Defendants. | No. 1:21-cv-01355 WBS KJN<br><br>ORDER |

----oo0oo----

This case was set for hearing on September 6, 2022 on defendant's motion to dismiss (Docket No. 6). The court was prepared to hear and decide the motion on the merits, but at oral argument, counsel for both sides discussed cases which they had not previously brought to the court's attention, and which may have substantial bearing on this motion.[1]

---

[1]  One case, Naranjo v. Spectrum Security Services, Inc., 13 Cal. 5th 93 (2022), was decided in May 2022, after briefing

1

         The court notes that this motion was fully briefed as of November 3, 2021 but was only reassigned to the undersigned on July 28, 2022, after the court found this case was related to an earlier-filed related case, Reynosa v. Home Depot, No. 2:21-cv-01096 WBS KJN.  The undersigned thereafter promptly set the for hearing.  (See Docket Nos. 11, 23, 25.)  The delay in reassignment resulted from counsel's failure to fully comply with Local Rule 123.  The notice of related cases was initially filed in this case only, contrary to Local Rule 123's requirement that "[c]ounsel who has reason to believe that an action on file or about to be filed may be related to another action on file . . . shall promptly file in each action and serve on all parties in each action a Notice of Related Cases."[2]  Thus, the undersigned had no knowledge of this case until late July 2022, when the parties in this case finally filed their notice of related case in Reynosa, after being ordered to do so by Judge Thurston in this case.  (See Docket No. 47 in Case No. 2:21-cv-01096 WBS KJN; Docket No. 21 in Case No. 1:21-cv-01355 WBS KJN.)

         Laying aside the parties' failure to fully comply with Local Rule 123, the parties still could have avoided taking the court by surprise by notifying the court of the additional

---

was complete but more than three months before the hearing in this case.  The other case, cited by plaintiff at oral argument, Moore v. Mars Petcare US, Inc., 966 F.3d 1007 (2020), was decided more than two years before oral argument and more than a year before briefing in this case was complete.

   [2]   The court notes that defendant first attached a notice of related case to the notice of removal, and then two months later filed a separate notice of related case, both times filing the notice of related case in this case only.  (See Docket Nos. 1-6, 12.)

                                    2

authorities they sought to rely on by, for example, seeking leave to file supplemental briefs discussing these additional authorities. They did not do so, and provide no justification for this failure.

The court prefers not to do the research for the parties in order to decide the instant motion. Instead, as discussed by the court at the hearing, the court will deny the pending motion to dismiss without prejudice to refiling, without reaching the merits of defendant's motion.

IT IS THEREFORE ORDERED that defendant's motion to dismiss (Docket No. 6) be, and the same hereby is, DENIED without prejudice to refiling. Defendant shall file a new motion to dismiss, discussing all cases defendant intends to rely on, within fourteen days of the date of this order. Plaintiff shall file her opposition to the new motion to dismiss within fourteen days, discussing all cases plaintiff intends to rely upon. Any reply shall be filed within ten days of plaintiff's opposition. The new motion to dismiss will be heard by Zoom at 1:30 p.m. October 31, 2022.

Dated:  September 8, 2022

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

3