UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| LI FAN, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>  v.<br><br>HOME DEPOT U.S.A., INC., a Delaware Corporation; and DOES 1-50, inclusive,<br><br>   Defendants. | No. 1:21-cv-01355 WBS KJN<br><br>MEMORANDUM AND ORDER RE: MOTION TO PARTIALLY DISMISS PLAINTIFF'S COMPLAINT |

----oo0oo----

   Plaintiff Li Fan brought this putative class action against defendant Home Depot U.S.A., Inc. alleging various wage and hour violations.  (Compl. (Docket No. 1-1).)  Defendant moves to dismiss plaintiff's fourth claim for violations of the California Unfair Competition Law.  (Docket No. 28.)

I. Factual and Procedural Background

   Defendant employed plaintiff as a non-exempt retail associate from approximately July 2016 to October 2020 at its

1

1  Madera, California facility.  (Compl. ¶ 6.)  Plaintiff's
2  complaint contains the following four claims: (1) failure to pay
3  wages including overtime, Cal. Lab. Code §§ 510, 1197; (2)
4  failure to timely pay wages, Cal. Lab. Code §§ 201 et seq.; (3)
5  failure to provide accurate itemized wage statements, Cal. Lab.
6  Code § 226; and (4) violations of California's Unfair Competition
7  Law ("UCL"), Cal. Bus. & Professions Code § 17200.
8       Defendant's first motion to dismiss (Docket No. 6) was
9  set for hearing on September 6, 2022.  The court was prepared to
10 hear and decide the motion on the merits, but at oral argument,
11 counsel for both sides discussed cases which they had not
12 previously brought to the court's attention.[1]  The court denied
13 defendant's motion without prejudice to allow the parties to
14 adequately brief the cases they intended to rely on.  (Docket No.
15 27.)
16      After defendant filed its renewed motion to dismiss
17 (Docket No. 28), the Ninth Circuit issued a decision in Guzman v.
18 Polaris Indus. Inc., 49 F.4th 1308 (9th Cir. 2022), which is
19 directly relevant to the issues raised on this motion.  The court
20 ordered the parties to submit supplemental briefing on Guzman.
21 (Docket No. 33.)
22 II.  Legal Standard
23      Federal Rule of Civil Procedure 12(b)(6) allows for
24 dismissal when the plaintiff's complaint fails to state a claim

---

[1] The unbriefed cases included Naranjo v. Spectrum Security Services, Inc., 13 Cal. 5th 93 (2022), and Moore v. Mars Petcare US, Inc., 966 F.3d 1007 (2020).  Only Moore is relevant here, as defendant's renewed motion no longer seeks dismissal of plaintiff's third claim for failure to provide accurate itemized wage statements.

2

upon which relief can be granted.  See Fed. R. Civ. P. 12(b)(6). The inquiry before the court is whether, accepting the allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor, the complaint has stated "a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Courts are not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); see Bell Atl. Corp., 550 U.S. at 555.  Accordingly, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."  Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

III. Discussion

Defendant seeks dismissal of plaintiff's fourth claim under the UCL (Def.'s Mem. (Docket No. 28 at 5-12) at 1), which seeks restitution of withheld wages based on the same alleged facts as her first claim for wage violations (Compl. at 12-13.) Defendant argues that plaintiff fails to state a claim for restitution under the UCL because the complaint does not allege that plaintiff lacks an adequate remedy at law.  (Def.'s Mem. at 5-6.)

    A.    To maintain her UCL claim for restitution, plaintiff must plead that she lacks an adequate legal remedy.

In Sonner v. Premier Nutrition Corporation, the Ninth Circuit held that "traditional principles governing equitable

3

1  remedies in federal courts, including the requisite inadequacy of
2  legal remedies, apply when a party requests restitution under the
3  UCL and CLRA in a diversity action."  971 F.3d 834, 844 (9th Cir.
4  2020).  This holding rested on longstanding Supreme Court
5  precedent requiring that federal courts apply the "traditional"
6  rules governing equitable jurisdiction, including that a "plain,
7  adequate and complete remedy at law must be wanting." Id. at 840
8  (citing Guar. Tr. Co. of N.Y. v. York, 326 U.S. 99, 105-06
9  (1945)).  The Ninth Circuit affirmed the district court's
10 dismissal of the plaintiff's claim for restitution under the UCL
11 and CLRA due to the availability of an adequate legal remedy.
12 Id. at 845.  The Ninth Circuit then followed Sonner's reasoning
13 in Guzman v. Polaris Industries Inc., 49 F.4th 1308, 1313 (9th
14 Cir. 2022), affirming the district court's holding that it lacked
15 equitable jurisdiction over the plaintiff's UCL claim because the
16 plaintiff had an adequate legal remedy.

17      Plaintiff, citing Moore v. Mars Petcare US, Inc., 966
18 F.3d 1007 (9th Cir. 2020), seems to argue that the court should
19 ignore the binding authority of Sonner and Guzman.  (See Pl.'s
20 Opp'n (Docket No. 31) at 3.)  In Moore, the Ninth Circuit held
21 that the district court had improperly dismissed plaintiff's
22 claims under the FAL, UCL, and CLRA.  While the court's holding
23 rested on other issues, a footnote provided that "Defendants'
24 argument that Plaintiffs cannot seek equitable relief under the
25 UCL or FAL, given an adequate legal remedy under the CLRA, is
26 foreclosed by statute" because "[t]he UCL, FAL and CLRA
27 explicitly provide that remedies under each act are cumulative to
28 each other." Id. at 1021 n.13.

4

1      Crucially, the argument referenced by the Moore court
2 was based on construction of California statutes, not federal
3 common law.  See Answering Br. of Defs.-Appellees at 39-40, 2018
4 WL 4050329 (No. 18-15026) (9th Cir. Aug. 15, 2018).  Indeed, the
5 Moore footnote only cited California statutes and made no
6 reference to the principles of equitable jurisdiction at issue in
7 Sonner.  See Moore, 966 F.3d at 1021 n.13.  The Moore footnote
8 was merely a statement of California law that has no bearing on
9 the issue of federal equitable jurisdiction, as "state law cannot
10 expand or limit a federal court's equitable authority."  See
11 Sonner, 971 F.3d at 839, 841.
12      Other district courts have reached a similar conclusion
13 concerning Moore's inapplicability to the issue of federal
14 equitable jurisdiction.  See, e.g., Sharma v. Volkswagen AG, 524
15 F. Supp. 3d 891, 907 (N.D. Cal. 2021); Shay v. Apple Inc., No.
16 20-cv-1629 GPC BLM, 2021 WL 1733385, at *4 (S.D. Cal. May 3,
17 2021); IntegrityMessageBoards.com v. Facebook, Inc., No. 18-cv-
18 05286 PJH, 2020 WL 6544411, at *4 (N.D. Cal. Nov. 6, 2020).  This
19 interpretation of Moore is consistent with Sonner, which
20 contemplated the possibility of different outcomes under state
21 and federal law.  See Sonner, 971 F.3d at 841; Guzman, 49 F.4th
22 at 1312 (while "[i]t may be that this case would have come out
23 differently had it been brought in California state court . . .
24 Sonner requires that we consider federal equitable principles
25 even when doing so causes our disposition of the case to diverge
26 from state law.")  As such, plaintiff's citations to decisions
27 interpreting California law (see Pl.'s Opp'n at 3-4) are
28 inapposite.

5

B. *Sonner* applies at the pleading stage.

Although the Ninth Circuit took up Sonner on the plaintiff's motion for leave to amend the complaint two months before trial, Sonner clearly requires the operative complaint to allege that the plaintiff lacks an adequate legal remedy. See 971 F.3d at 838, 844. The plaintiff's failure to plead an inadequate legal remedy was an important component of the court's reasoning in Sonner. Id. at 844. Further, the Sonner court explained that a complaint seeking equitable relief fails where it does not "plead 'the basic requisites of the issuance of equitable relief' including 'the inadequacy of remedies at law.'" Id. (quoting O'Shea v. Littleton, 414 U.S. 488, 502 (1974)).

Most district court decisions have similarly interpreted Sonner to require that "at a minimum, a plaintiff plead that she lacks an adequate remedy at law." Guthrie v. Transamerica Life Ins. Co., 561 F. Supp. 3d 869 (N.D. Cal. 2021) (emphasis in original) (collecting cases). See also, e.g., Height St. Skilled Care, LLC v. Liberty Mut. Ins. Co., No. 1:21-cv-01247 JLT BAK BAM, 2022 WL 1665220, at *8 (E.D. Cal. May 25, 2022) ("Because [plaintiff]'s complaint contains no demonstration, explanation, or even allegation that legal remedies would be inadequate as to [UCL claim], it cannot survive dismissal."); Campbell v. Huffmaster Mgmt. Inc., No. 2:21-cv-00815 JAM JDP, 2022 WL 705825, at *3 (E.D. Cal. Mar. 9, 2022) ("When 'the operative complaint does not allege that [the plaintiff] lacks an adequate legal remedy,' it is proper to dismiss the plaintiff's claims for equitable relief.") (quoting Sonner, 971 F.3d at 844); In re California Gasoline Spot Mkt.

6

Antitrust Litig., No. 20-cv-03131 JSC, 2021 WL 1176645, at *7 (N.D. Cal. Mar. 29, 2021) (dismissing UCL claim because "[p]laintiffs do not plead that they have inadequate remedies at law"); Teresa Adams v. Cole Haan, LLC, No. SACV-20913 JVS DFM, 2020 WL 5648605, at *3 (C.D. Cal. Sept. 3, 2020) (dismissing claim for restitution because plaintiff did not "sufficiently plead the insufficiency of legal damages").

Guzman provides further support for the application of Sonner at the pleading stage. In Guzman, the district court entered summary judgment against the plaintiff on his UCL claim because the plaintiff had an adequate legal remedy. 49 F.4th at 1311. The Ninth Circuit reversed the grant of summary judgment, reasoning that because the plaintiff had an adequate legal remedy, the district court lacked equitable jurisdiction and was required to dismiss, not grant summary judgment on, the plaintiff's UCL claim. Id. at 1313. The Guzman court also explicitly rejected attempts to limit Sonner to its particular facts or procedural posture, stating that "[n]othing in Sonner's reasoning suggested that its holding was limited to cases in which a party had voluntarily dismissed a damages claim to avoid a jury trial." See id. A district court is thus required to dismiss a UCL claim over which it lacks equitable jurisdiction. See id.

    C.   Plaintiff has not pled an inadequate legal remedy.

In Sonner, the court dismissed the plaintiff's claims for equitable restitution because the operative complaint did not allege that the plaintiff lacked an adequate legal remedy, and the plaintiff sought the same amount in both equitable

7

restitution and damages for the same past harm.  971 F.3d at 844. Here, plaintiff's UCL claim fails for similar reasons.  The operative complaint did not plead an inadequate legal remedy. (See Compl. ¶¶ 21-60.)  Plaintiff's fourth claim under the UCL and first claim for damages are based on the same factual allegations and cite multiple of the same sections of the California Labor Code.  (See id. ¶¶ 41, 58.)  Both claims also seek the same relief--namely the amount of wages unpaid, interest, costs, and attorneys' fees.  (See id. at 12-13.)  Such claims based on monetary harm are "exactly" the type of claim "for which legal remedies are appropriate."  Sharma, 524 F. Supp. 3d at 908.  As in Sonner, plaintiff "fails to explain how the same amount of money for the exact same harm is inadequate or incomplete, and nothing in the record supports that conclusion." See Sonner, 971 F.3d at 844.

     Plaintiff cites two cases, Stewart v. Kodiak Cakes, LLC, 537 F. Supp. 3d 1103 (S.D. Cal. 2021), and Aerojet Rocketdyne, Inc. v. Glob. Aerospace, Inc., No. 2:17-cv-01515 KJM AC, 2020 WL 3893395 (E.D. Cal. July 10, 2020), which held that the plaintiffs lacked an adequate legal remedy because of the possibility of ongoing or future harm.  (See Pl.'s Opp'n at 4.) However, the complaint here does not allege any ongoing or future harm, nor does such harm seem plausible, as plaintiff is no longer employed by defendant.  (See Compl. at 2, 12-13.) Plaintiff further notes that injunctive relief is available under the UCL and not the Labor Code (Pl.'s Opp'n at 3), but the complaint does not seek injunctive relief (see Compl. at 12-13).

     Plaintiff also cites two cases, Eason v. Roman Cath.

1  Bishop of San Diego, 414 F. Supp. 3d 1276, 1282 (S.D. Cal. 2019),
2  and James ex rel. James Ambrose Johnson, Jr. 1999 Trust v. UMG
3  Recordings, No. C 11-1613 SI, 2011 WL 5192476 (N.D. Cal. Nov. 1,
4  2011), in which plaintiffs were permitted to plead equitable
5  relief in the alternative where legal remedies were available.
6  However, plaintiff has not pled equitable relief in the
7  alternative.  (See Compl. at 12-13.)  And even if she had,
8  plaintiff does not cite any case allowing alternative pleading
9  post-Sonner.  On the contrary, multiple district courts have
10 found that alternative pleading of equitable relief does not
11 satisfy Sonner's requirements.  See, e.g., Sharma, 524 F. Supp.
12 3d at 907 (Under Sonner, "the issue is not whether a pleading may
13 seek distinct forms of relief in the alternative, but rather
14 whether a prayer for equitable relief states a claim if the
15 pleading does not demonstrate the inadequacy of a legal
16 remedy."); IntegrityMessageBoards.com, 2020 WL 6544411, at *5
17 (stating that the court sees no reason "why Rule 8's general
18 permission for alternative pleading limits otherwise applicable
19 principles of federal common law" underlying Sonner); Johnson v.
20 Trumpet Behav. Health, LLC, No. 3:21-cv-03221 WHO, 2022 WL 74163,
21 at *3 (N.D. Cal. Jan. 7, 2022); Anderson v. Apple Inc., 500 F.
22 Supp. 3d 993, 1009 (N.D. Cal. 2020); In re MacBook Keyboard
23 Litig., No. 5:18-cv-02813 EJD, 2020 WL 6047253, at *2 (N.D. Cal.
24 Oct. 13, 2020).
25         Finally, plaintiff argues that dismissal of the UCL
26 claim will "result in an unfair limitation of the class period in
27 this action from a period of four years, to three years from the
28 initial filing of the complaint."  (Pl.'s Opp'n at 5.)  However,

1  plaintiff cited no cases in support of this argument, and
2  multiple courts--including courts comparing the statutes of
3  limitations of the UCL and the California Labor Code--have found
4  that a shorter statute of limitations alone does not render a
5  legal remedy inadequate.  See, e.g., Mish v. TForce Freight,
6  Inc., No. 21-cv-04094 EMC, 2021 WL 4592124, at *7 (N.D. Cal. Oct.
7  6, 2021); McFall v. Perrigo Co., No. 2:20-cv-07752 FLA MRW, 2021
8  WL 2327936, at *15 (C.D. Cal. Apr. 15, 2021); Sagastume v.
9  Psychemedics Corp., No. cv-20-6624 GJS, 2021 WL 3932299, at *7
10 (C.D. Cal. Feb. 16, 2021); Alvarado v. Wal-mart Assocs., Inc.,
11 No. cv-20-1926 DSF JCX, 2020 WL 6526372, at *4 (C.D. Cal. Aug. 7,
12 2020).  And while not precisely on point, the Ninth Circuit in
13 Guzman rejected the plaintiff's argument that the legal remedy
14 was inadequate due to the passage of the statute of limitations,
15 holding that "equitable relief must be withheld when an
16 equivalent legal claim would have been available but for a time
17 bar."  49 F.4th at 1312 (citing United States v. Elias, 921 F.2d
18 870, 874-75 (9th Cir. 1990)).

19       Accordingly, plaintiff has failed to sufficiently plead
20 an inadequate legal remedy and the court will dismiss her UCL
21 claim.

22       D.   Plaintiff's UCL claim will be dismissed without
            prejudice and without leave to amend.
23

24       Defendant argues that plaintiff's UCL claim should be
25 dismissed with prejudice.  (Def.'s Reply (Docket No. 32) at 1.)
26 However, the Guzman court held that dismissal of a UCL claim due
27 to lack of equitable jurisdiction "is necessarily without
28 prejudice because the court does not reach the merits of the

10

1    claims." 49 F.4th at 1313.  The Ninth Circuit reasoned that
2    while a "federal court's pre-merits determination to withhold
3    relief is binding on other federal courts," it is not binding on
4    "courts outside the federal system that might properly exercise
5    their own jurisdiction over the claim." Id. at 1314.
6    Accordingly, plaintiff's fourth claim under the UCL will be
7    dismissed without prejudice.
8         Whether the court should grant leave to amend is a
9    separate issue.  Under Federal Rule of Civil Procedure 15(a), a
10   party may amend its pleading with the court's leave, which should
11   be "freely give[n] . . . when justice so requires." Fed. R. Civ.
12   P. 15(a)(2).  Leave "should be granted unless amendment would
13   cause prejudice to the opposing party, is sought in bad faith, is
14   futile, or creates undue delay." Johnson v. Mammoth Recreations,
15   975 F.2d 604, 607 (9th Cir. 1992).  "An amendment is futile when
16   'no set of facts can be proved under the amendment to the
17   pleadings that would constitute a valid and sufficient claim or
18   defense.'" Missouri ex rel. Koster v. Harris, 847 F.3d 646, 656
19   (9th Cir. 2017) (citation omitted).
20        The court finds that amendment of plaintiff's UCL claim
21   would be futile.  Based on the foregoing analysis, the court does
22   not see--and plaintiff's counsel has not provided either in
23   briefing or at oral argument--any possible set of facts that
24   could cure the deficiencies of the UCL claim.  See Slick v.
25   CableCom, LLC, No. 22-CV-03415 JSC, 2022 WL 4181003, at *4 (N.D.
26   Cal. Sept. 12, 2022) (denying leave to amend UCL claim because
27   plaintiff would be unable to plead that legal remedy for Labor
28   Code violations was inadequate); Franckowiak v. Scenario Cockram

USA, Inc., No. cv-20-8569 JFW PVC, 2020 WL 9071697, at *5 (C.D. Cal. Nov. 30, 2020) (same); Nese v. Scenario Cokram USA, Inc., No. 821-cv-00814 DOC JDE, 2021 WL 4497893, at *4 (C.D. Cal. July 20, 2021) (dismissing UCL claim with prejudice because plaintiff would be unable to plead that legal remedy for Labor Code violations was inadequate).  Accordingly, plaintiff's request for leave to amend will be denied.

        IT IS THEREFORE ORDERED that defendant's partial motion to dismiss (Docket No. 28) is GRANTED; and the fourth claim of plaintiff's complaint under the California Unfair Competition Law is hereby DISMISSED without prejudice and without leave to amend.

Dated:  November 15, 2022

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE